UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 7-83-B-W |
| | ) |
| MARY CHASE, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDED DECISION**

Mary Chase has filed what is docketed as a pro se "Motion for Order Granting Early Release Eligibility pursuant to 18 USC section 3621 (e)(2)(B)." The sentencing judge has referred the matter to me pursuant to 28 U.S.C. § 636 (b)(1)(B) to submit proposed findings of fact and a recommended decision on her application for post-trial relief.[1] I now submit the following proposed findings and recommend that the court deny Chase's motion.

**Proposed Findings of Fact**

Mary Chase was convicted on December 23, 2008, of two counts: conspiracy to transfer machine guns and the transfer of an unregistered automatic weapon in violation of 26 U.S.C. §§ 5812, 5845 (a) and (b), 5861(e) and 5871, and 18 U.S.C. § 2. She was sentenced to serve forty-six-months on each count, to be served concurrently. Mary and Dennis Chase were arrested in connection with these events after an undercover operation resulted in an agreement to transfer the machine. Rather than actually purchase the weapons, the law enforcement officers obtained

---

[1] Most of the cases that have considered this type of motion have done so in the context of a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. See, e.g., Norcutt v. Zych, No. 08-CV-14888, 2009 WL 514083 (E.D. Mich. Mar. 2, 2009)(Montana conviction, inmate serving his sentence at the Federal Correctional Institution in Milan, Michigan) (unpublished). Section 2241 petitions should not be brought in the district where sentence was imposed; instead, they are properly filed in the district of confinement. See Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977). It seems obvious that dismissing the motion as not properly filed in this venue is an alternative basis for disposing of the matter. I assume, however, the motion has been referred for a decision on the merits. Before the court considers granting the relief requested in this motion, the United States should be ordered to answer this motion and allowed to raise the question of venue, among other concerns.

and executed a search warrant at the residence occupied by the defendants and discovered weapons during the course of that search.  (See Partial Sentencing Tr. at 18, Doc. No. 114.)  This partial transcript is the only publicly available information about Mary Chase's underlying circumstances of the offense as the matter initiated with an indictment and there is no probable cause affidavit in support of a complaint.[2]   I have also reviewed the presentence report prepared prior to Chase's sentencing and am able to note the following additional facts.

During the time Mary Chase was on pretrial release she submitted to three random urinalyses which tested positive for the unlawful use of opiate-based medication.  She voluntarily surrendered her bail and went into custody approximately two months prior to entering her guilty plea.  (PSI, Part A, ¶ 1.)  The offense conduct involved the sale of an AK-47 for $2,300 to an undercover agent.  Mary Chase handled both the firearm and negotiations for its sale, although she noted that the gun belonged to a member of the Iron Horsemen Motorcycle Club who was himself prohibited from possessing firearms.  (Id. ¶¶ 2-3.)   Chase also indicated to the undercover officer that she had other automatic weapons for sale.  (Id. ¶ 5.)   When the officers executed a search warrant at the residence she shared with her husband, it was Mary Chase who provided the key to the gun cabinet and the combination to the safe where other weapons were located.  (Id. ¶¶ 8-9.)    The officer who originally prepared the Presentence Report had determined that the total offense level was fifteen (id. ¶ 27), however, the court sustained the United States' objections to that calculation and concluded the total offense level was 23, resulting in a guideline range of 46-57 months (id. at 15, Gov't Obj. to  ¶¶ 19-20).

On November 30, 2009, Chase filed the present motion with this court.  The return address indicates she is currently incarcerated at FMC Carswell, Fort Worth, Texas.  With her

---

[2]     There is a prosecution version (Doc. No. 47) filed with respect to Dennis Chase's plea agreement that describes conduct of Mary Chase.

motion for early release eligibility, Chase submitted a Bureau of Prison's form entitled "Request for § 3621 (e) Offense Review," dated October 29, 2009.  The form is designed for Bureau of Prison legal staff to review an inmate's current and prior offenses and to determine whether the offenses preclude her from early release eligibility pursuant to 18 U.S.C. § 3621(e).   The form submitted by Chase indicates that Mary Chase is precluded from such eligibility, not because of any prior offenses, but because the reviewers determined that her current offense conviction involved the carrying, possession, or use of a firearm or other dangerous weapon and further, by its nature of conduct, presents a serious potential risk of physical force against the person or property of another.

Mary Chase believes this designation to be unfair and wants this court to rule that the Bureau of Prison regulations under which she was precluded from early release eligibility are invalid.  According to Chase the Ninth Circuit has so ruled in a case she identifies only as "Crickon v. Thomas" without citation.  Chase believes it is unfair to apply that decision only to prisons and programs in the Ninth Circuit.

## Discussion

The back story of Mary Chase's motion requires a basic understanding of Residential Drug Abuse Program and early release eligibility, two terms that Chase references in her motion, and that refer to the Bureau of Prison's residential substance abuse treatment program and the fact that successful completion of that program can earn an inmate up to a one-year reduction in her sentence.  The Ninth Circuit has succinctly described that process as follows:

> Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended the statute by directing the Bureau of Prisons to provide residential substance abuse treatment programs for prisoners determined to have a treatable condition of substance addiction or abuse. Crime Control Act of 1990, Pub.L. No. 101-647, § 2903, 104 Stat. 4789, 4913 (codified at 18 U.S.C. § 3621(b)). Four years later, in response to under-utilization of

3

> treatment programs, Congress again amended the statute to provide an early release incentive to encourage prisoner participation. Violent Crime Control and Law Enforcement Act of 1994, 103 Pub.L. No. 322, § 32001, 108 Stat. 1796, 1896-97. The statute provides that the Bureau may reduce by up to one year the sentence of a prisoner who (1) was convicted of a nonviolent offense and (2) successfully completes a program of residential substance abuse treatment. 18 U.S.C. § 3621(e)(2)(B).

Arrington v. Daniels, 516 F.3d 1106, 1109 (9th Cir. 2008).

There is no dispute but that the Bureau of Prison has discretion under the statute to determine who does and who does not qualify for early release eligibility. See Lopez v. Davis, 531 U.S. 230, 244 (2001) (recognizing the Bureau of Prison's discretion under § 3621 to promulgate a regulation categorically denying early release to prisoners based on pre-conviction conduct). While Lopez appeared to put this issue to rest, it has again reared its head, this time in the form of a challenge to the actual promulgation of 28 C.F.R. § 550.58 under the Administrative Procedures Act, 5 U.S.C. §§ 551 et seq., rather than a challenge to the statutory grant of discretion under 18 U.S.C. § 3621, the grant affirmed in Lopez.

The current flurry of prisoner litigation, commencing with Arrington in 2008, has provoked over 188 cases[3] throughout the circuits challenging the Bureau of Prison's regulations as arbitrary and capricious in violation of the Administrative Procedures Act. Arrington held that the 2000 Bureau of Prison regulation creating a categorical exclusion for individuals convicted of offenses involving the possession of firearms was invalid because the Bureau of Prison did not give a rationale for its action during the administrative process. Although the

---

[3] It turns out that Crickon v. Daniels, 579 F.3d 978 (9th Cir. 2009), the case referenced by Chase in her motion, is one of those cases in the Ninth Circuit that followed and extended Arrington. Crickon, however, is not directly applicable to Chase's case because it had to do with categorical exclusions based upon prior offenses. Crickon had been convicted in 1970 of involuntary manslaughter and any conviction for any form of homicide precludes eligibility under the Bureau of Prison regulations. The documentation submitted by Chase clearly establishes that the Bureau of Prison precluded her from eligibility based upon her current offense of conviction and the possession of firearms, a situation analogous to Arrington rather than Crickon.

Bureau of Prison had offered a public safety rationale during the course of the <u>Lopez</u> litigation, the Ninth Circuit rejected what it described as the "<u>post hoc</u> rationale" of appellate counsel that appeared nowhere in the actual administrative record. <u>Arrington</u>, 516 F.3d at 1113.

It has been theorized that, in response to <u>Arrington</u>, the Bureau of Prison recently issued a new final regulation, 28 C.F.R. § 550.55 (effective March 16, 2009). <u>See</u> <u>Gardner v. Grandolsky</u>, 585 F.3d 786, 791 n. 2 (3rd Cir. 2009). The new regulation still categorically denies early release to prisoners convicted of felonies involving the possession of dangerous weapons, but the Federal Register notice accompanying the new regulation makes the public safety rationale explicit. My research suggests that as of December 30, 2009, the Ninth Circuit remains the sole Circuit Court of Appeals to conclude the Bureau of Prison's regulation is arbitrary and capricious in violation of APA. Three circuits have specifically rejected <u>Arrington</u>, the Third in <u>Gardner</u> and <u>Muolo v. Quintana</u>, No. 09-1213, 2009 WL 3022150 (3rd Cir. Sept. 23, 2009)(unpublished), the Eighth in <u>Gatewood v. Outlaw</u>, 560 F.3d 843 (8th Cir. 2009), and the Fifth Circuit in <u>Handley v. Chapman</u>, 587 F.3d 273, 282 (5th Cir. 2009). These circuits have accepted the Bureau of Prison regulation, whether the old one or the new and improved version. The First Circuit, with relatively few federal correctional institutions within its geographic boundaries, has not been called on to rule upon this issue and it is unlikely to do so in the near future.

Based upon the facts of this case, the procedural posture of Mary Chase's motion, the controlling precedent of <u>Lopez</u>, and the state of the law in the various circuits, I can find no reason why this court would grant this motion, even if it somehow had the authority to do so. The statutory discretion to determine early release rests with the Bureau of Prison. In this case this court made a contested sentencing decision that resulted in a sentence longer than it might

have been under a different application of the sentencing guidelines. There are no facts in the record that I have before me that would provide any basis for a recommendation that the court do anything other than summarily deny the motion. Therefore, I recommend the court deny the motion, or alternatively, dismiss the motion because it should be brought as a motion pursuant to 28 U.S.C. § 2241 in the venue where Mary Chase is currently imprisoned.[4]

### NOTICE

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

           /s/ Margaret J. Kravchuk
           U.S. Magistrate Judge

January 4, 2010.

---

[4] Chase's return address of Fort Worth, Texas is located in the Northern District of Texas. <u>Handley</u> would, thus, control the disposition of her claim if the case was transferred.